ORIGINAL

File #86775-01/db

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
MARESA WRIGHT and GREGORY WRIGHT,

                Plaintiffs,

-against-                    COMPLAINT

THE UNITED STATES OF AMERICA and
THE CHEROKEE 8A GROUP, INC.,

                Defendants.
------------------------------------------x

08 CIV. 6025

JUDGE CONNER

    Plaintiffs, by attorneys, FINKELSTEIN & PARTNERS, LLP, as and for the Complaint herein alleges the following:

        AS AND FOR A FIRST CAUSE OF ACTION ON
        BEHALF OF PLAINTIFF, MARESA WRIGHT

    1. That at all times hereinafter mentioned, the plaintiffs were and still are residents of the County of Orange, State of New York and the United States of America.

    2. That this action is brought against THE UNITED STATES OF AMERICA under and pursuant to 28 USC 1346 (b), the Federal Tort Claims Act for the negligent act of an agent, servant and/or employee of the defendant, THE UNITED STATES OF AMERICA. Venue is based on 28 USC 1402(b) in that the acts or omissions

complained of occurred in the Judicial District for the Southern District of New York.

3. That the acts of negligence of the agent, servant and/or employee of the defendant, THE UNITED STATES OF AMERICA, arose on or about the 11th day of May, 2006.

4. That the applicable Claim was filed with the Staff Judge Advocate General, United States Military Academy, on or about the 21st day of May, 2007.

5. That a denial of liability and fault was mailed by the United States Department of the Army on or about the 22nd day of January, 2008, and received on or about the 7th day of February, 2008.

6. That this action against THE UNITED STATES OF AMERICA has been commenced within the six month period of the date of denial of claims as aforementioned.

7. That all prerequisites for filing this suit have been complied with by the plaintiffs pursuant to 28 USC 2401.

8. Supplemental jurisdiction exists as against the defendant, THE CHEROKEE 8A GROUP, INC., pursuant to 28 USC Section 1367.2.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, THE CHEROKEE 8A GROUP, INC., was and still is a domestic corporation organized and

existing under and by virtue of the Laws of the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, THE CHEROKEE 8A GROUP, INC., was and still is a foreign corporation duly incorporated within the State of New Jersey.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, THE CHEROKEE 8A GROUP, INC., was and still is a foreign corporation authorized to do business in the State of New York.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, THE CHEROKEE 8A GROUP, INC., was and still is a business entity doing business within the State of New York.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, owned certain premises known as Cullum Hall of the United States Military Academy, West Point, County of Orange, State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, maintained the aforesaid premises.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, managed the aforesaid premises.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, controlled the aforesaid premises.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, operated the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, was the lessor of the aforesaid premises.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, was the lessee of the aforesaid premises.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNTIED STATES OF AMERICA, was the managing agent of the aforesaid premises.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, was the owner of a certain premises within Cullum Hall, of the United States Military Academy, West Point, County of Orange, State of New York, known as "Academy Photo".

22. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, was the lessor of a certain premises within Cullum Hall, known as "Academy Photo".

23. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, was the lessee of a certain premises within Cullum Hall, known as "Academy Photo".

24. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, was the managing agent of a certain premises within Cullum Hall, known as "Academy Photo".

25. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, maintained a certain premises within Cullum Hall, known as "Academy Photo".

26. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, managed a certain premises within Cullum Hall, known as "Academy Photo".

27. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF

AMERICA, controlled a certain premises within Cullum Hall, known as "Academy Photo".

28. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, operated a certain premises within Cullum Hall, known as "Academy Photo".

29. That at all times hereinafter mentioned, the stairs leading from the first floor to the second floor (basement) of the aforesaid premises was the situs of the accident herein.

30. That at all times hereinafter mentioned, upon information and belief, defendant, THE CHEROKEE 8A GROUP, INC., was the general contractor of a certain electrical repair and/or maintenance project which took place on the aforesaid premises.

31. That on a date prior to the 11th day of May, 2006, upon information and belief, defendant, THE CHEROKEE 8A GROUP, INC., was a sub-contractor on a certain electrical repair and/or maintenance project which took place on the aforesaid premises.

32. That on a date prior to the 11th day of May, 2006, upon information and belief, defendant, THE CHEROKEE 8A GROUP, INC., entered into a contract with defendant, THE UNITED STATES OF AMERICA, to perform certain electrical repair and/or maintenance work on the aforesaid premises.

33. That on a date prior to the 11th day of May, 2006, upon information and belief, defendant, THE CHEROKEE 8A GROUP, INC., entered into an agreement with defendant, THE UNITED STATES OF AMERICA, to perform certain electrical repair and/or maintenance work on the aforesaid premises.

34. That on a date prior to the 11th day of May, 2006, upon information and belief, defendant, THE CHEROKEE 8A GROUP, INC., did perform certain electrical repair and/or maintenance work on the aforesaid premises.

35. That on or about the 11th day of May, 2006, the plaintiff was lawfully on the aforesaid premises while within the scope of her employment with one, Academy Photo.

36. That on or about the 11th day of May, 2006, while the plaintiff was lawfully descending the aforesaid stairs, she was caused to be precipitated down the stairs and to the ground, thereby sustaining severe and serious personal injuries.

37. The accident and injuries alleged herein were caused by the negligent, wanton, reckless and careless acts of the defendants herein.

38. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless, in among other things, allowing, causing and/or permitting a dangerous, hazardous and unsafe condition to exist on the

aforesaid stairway; in failing to properly repair and provide for the proper repair of said stairway; in allowing, causing and/or permitting the aforesaid stairway to be, become and/or remain in a defective, dangerous and unsafe condition; in failing to properly maintain, check and/or inspect said stairway; in failing to post signs and to otherwise provide proper and adequate warnings to persons on the premises of the existing conditions; in creating a trap; in failing to fence off, barricade and/or by some other means block off the area of the dangerous, hazardous and unsafe conditions; in causing or permitting electricity to be randomly disconnected or shut down so that the stairway unexpectedly became darkened and unilluminated, thereby posing a tripping hazard; in failing to prevent the circuit box from being tampered with; in failing to barricade or block off the stairway when electricity was disconnected; in failing to provide a safe and accessible means to reconnect and reinstitute electrical power when such was terminated; in failing to use that degree of caution, prudence and care which was reasonable and proper under the controlling circumstances; in acting with reckless disregard for the safety of others; in improperly hiring and continued employment of inept, incompetent and/or unskilled employees; in failing to provide adequate and/or proper lighting on the aforesaid

stairway; in failing to properly light up said stairway; in failing to improperly illuminate the stairway of said premises.

39. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the within accident and in the exercise of reasonable care, the defendant could have and should have had knowledge and notice thereof, and further, the defendants, their agents, servants and/or employees created said conditions.

40. The limited liability provisions of C.P.L.R. 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. 1602.

41. That by reason of the foregoing, the plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, the plaintiff was caused to expend and become obligated for diverse sums of money as a result of this accident; the plaintiff further was caused to lose substantial periods of time from her normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

42.   That by reason of the foregoing, the plaintiff was damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GREGORY WRIGHT

43.   This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered '1' through '41' of the First Cause of Action, with the same force and effect as if more fully set forth herein at length.

44.   That as a result of this aforementioned, this plaintiff, the lawful wedded spouse of the plaintiff in the First Cause of Action, has and will suffer the loss and impairment of the spouse's services, society and consortium, all to the damage of this plaintiff in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

WHEREFORE, plaintiffs demand judgment against the defendants as follows:

(1) The sum of $10,000,000.00 on the First Cause of Action, and

(2) The sum of $1,000,000.00 on the Second Cause of Action, together with the costs and disbursements of this Action.

> Yours, etc.,
>
> FINKELSTEIN & PARTNERS, LLP
> Attorneys for Plaintiffs
> Office & P.O. Address
> 1279 Route 300, P.O. Box 1111
> Newburgh, New York 12551
>
> BY: *[signature]*
>      ELEANOR POLIMENI, ESQ.